## No. 8968.

### THE STATE OF LOUISIANA EX REL. GERVAIS LECHE, DISTRICT ATTORNEY ET AL. VS. GEORGE GEIER, TREASURER OF JEFFERSON PARISH, LEFT BANK, ET AL.

The Statute expressly requires that the taxes levied by the police jury for school purposes shall be paid over by the tax collector directly to the treasurer of the parish school board.

Where the tax collector has unlawfully paid over such funds to the treasurer of the police jury, the duty to pay over to the school treasurer passed, with the funds, to the treasurer of the police jury, and, on his refusal, is the proper subject of enforcement by mandamus.

APPEAL from the Twenty-sixth District Court, Parish of Jefferson. *Hahn*, J.

*Gervais Leche*, District Attorney, and *James D. Augustin* for the Relators, Appellees.

*A. E. Billings* and *Alfred Shaw* for Respondents and Appellants:

Mandamus issues where the law has assigned no relief by the ordinary means. C. P. 830; High, Secs. 15 and 30; 26 An. 259.

The law (Act 23, 1877, p. 36, Sec. 28) provides in what contingency the police jury shall levy a tax and how it shall be collected and paid. Such requisition cannot be implied, but must be actual and positive, and should be alleged.

It being the duty of the tax collector to collect and pay, the proceedings to effect such object should be against him. It is not the duty of the ex or parish treasurer to render any account to the school board, or for the ex-treasurer to pay out anything, and they cannot be mandamused to perform what is not their duty. · High, Sec. 37.

A mandamus will not lie to compel an officer to pay what he ought to have in his hands, but only what he has in his hands. State ex rel. Merle and Chapus vs. Dubuclet, 26 An. 127.

The right to it must be clearly established. High, Sec. 9.

First, it must appear that the relator has a clear legal right to the performance of a particular act or duty at the hands of the respondent; and, second, that the law affords no other adequate or specific remedy. High, Sec. 10; State ex rel. Fix vs. Herron, 29 An. 850.

The opinion of the Court was delivered by

FENNER, J. Relators, representing the School Board of the Parish of Jefferson, aver, in substance, that a tax of two mills on the dollar

State ex rel. Leche vs. Geier.

for school purposes had been levied by the Police Jury of the Parish of Jefferson, left bank, for the years 1881 and 1882; that the same had been collected by the sheriff and *ex-officio* tax collector of the parish; that under the law it was the duty of the said collector to pay over the said taxes directly to the Treasurer of the Parish School Board; that, in violation of law, the said collector had paid the same over to the Parish Treasurer; that this latter officer illegally holds the said funds, and refuses to pay them over to the Treasurer of the School Board, which it is his legal duty to do; wherefore, relators apply for a mandamus ordering him to perform said duty and make payment accordingly.

Numerous technical defenses are interposed, which, as the case is presented to us, have no force.

As defense to the merits it is urged:

1. That the School Board had never called on the Police Jury to levy a school tax for the years 1881 and 1882, and that no such tax was levied.

The evidence conclusively establishes that such tax was levied and collected and specifically paid over, as such, to the Parish Treasurer. The absence of a call for such levy by the School Board does not affect the case.

2. That defendant, in his official capacity, holds funds, of whatever character, only as the agent of the Police Jury, and cannot pay out except in compliance with their resolutions and warrants. The proposition, in a general sense, is correct, but it is without application to the case of parish funds like those presently concerned, which are assigned by law to the control and custody of other parish functionaries, and over which the Police Jury had not, and could never acquire any right of direction or control.

The law is clear and unambiguous that the "school tax so collected shall be paid over by the collector of parish taxes to the Treasurer of the Parish Board of School Directors, and shall by them be apportioned, etc."

If the tax collector, through misconception of the law or otherwise, has paid over these funds to a parish official different from the one designated by the law, the duty to pay over the funds to the latter passed, with the funds themselves, to the official so receiving, and is a proper subject of enforcement by mandamus.

3. That a portion of the funds so received by him had been actually paid out under direction of the Police Jury before this proceeding was taken, and is, therefore, no longer in his custody.

To this extent his defense to the proceeding by mandamus was properly maintained by the Judge *a quo.*

The evidence, however, conclusively shows that he still has in his actual possession $397.60 of those funds; and, to this extent, the mandamus was properly made peremptory.

The objection to our jurisdiction has been considered, but, as shown by our course, we deem it untenable, relators having claimed that more than sixteen hundred dollars were due.

The defendant must pay the costs of his appeal, but we think the costs of the lower court, having been incurred in procuring a judicial settlement of contested questions of official right and duty, were properly made payable out of the fund.

Judgment affirmed at appellants' cost.